IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES KEITH WAMPLER,

        Petitioner,      :      Case No. 3:24-cv-248

 - vs -                             District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                :
        Respondent.

## DECISION AND ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS, AND DISMISSING THE CASE

      This habeas corpus action pursuant to 28 U.S.C. § 2254, brought *pro se* by Petitioner Charles Wampler to obtain relief from his convictions in the Montgomery County Common Pleas Court, is before the Court on Petitioner's Objections (ECF No. 8) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," ECF No. 7).  As required by 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the Report *de novo* with special attention to those portions to which Petitioner had made objection.

      In the Petition, Wampler pleaded twenty-one separate grounds for relief.  The Report recites those Grounds for Relief verbatim as they are pleaded in the Petition (Report, ECF No. 7, PageID 2304-06, quoting Petition, ECF No. 1, PageID 6-46).  Respondent asserted all these Grounds for Relief were barred by Petitioner's procedural defaults in presenting them to the Ohio courts.  Petitioner replied that the defaults were excused because he could pass through the actual

innocence gateway recognized in *Schlup v. Delo*, 513 U.S. 298 (1995). The Report therefore analyzed proffered new evidence of actual innocence and concluded it did not meet the *Schlup* standard (ECF No. 7, PageID 2308-09).

Petitioner begins his Objections by asserting that Respondent "did not challenge the facts contained in any of those twenty-one grounds." (ECF No. 8, PageID 2313). He notes that the Magistrate Judge also did not challenge those facts and concludes "all of petitioner's grounds should stand on the merits of the undisputed facts contained therein." *Id*. Not so.

The Ohio Second District Court of Appeals found the facts on direct appeal in *State v. Wampler*, Case No. CA-7965 (Ohio App. 2d Dist. Nov. 10, 1983)(unreported; copy at State Court Record, ECF No. 3, Ex. 15). These factual findings are presumed to be correct, and Wampler has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, he must overcome the presumption on the basis of the record that was before the state courts when they decided the case. *Cullen v. Pinholster,* 563 U.S. 170 (2011). Petitioner's factual assertions in his Petition are just that – assertions alone. To the extent they are contrary to the Second District's findings, this Court cannot evaluate them on the merits until and unless Petitioner overcomes his procedural defaults.

Petitioner claims a report of an April 2024, interview by private investigators with prosecution witness Joey Shipman shows he perjured himself at trial. The Report rejected this as "new evidence" because Shipman refused to be recorded and the interviewer did not himself verify the accuracy of his report under oath. Even if taken at face value, it does not show perjury on the suborning of perjury. Shipman's memory now is probably less accurate than it was forty years ago. And in any event a change in testimony by a prosecution witness is not the type of new evidence called for by *Schlup*. What is required is new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence --

that was not presented at trial." *Schlup*, 513 U.S. at 324. As the Sixth Circuit has recently explained, this does not include evidence which merely undermines the trial evidence:

> [A] petitioner may not pass through the equitable gateway by simply undermining the state's case. Rather, he must demonstrate that he *factually* did not commit the crime. Of course, dismantling the state's case is *relevant* and *helpful* to the petitioner because it leaves a vacuum to be filled by an exonerative explanation; but it is not sufficient in and of itself. This distinction between exonerating evidence and impeachment evidence undergirds both of the Supreme Court's landmark equitable-exception cases. *Schlup*, 513 U.S. at 324, 115 S. Ct. 851; *House*, 547 U.S. at 552–53, 126 S. Ct. 2064.

*Hubbard v. Rewerts,* 98 F.4th 736 (6th Cir. 2024).

Petitioner argues his procedural defaults are excused by the ineffective assistance of counsel he received (Objections, ECF No. 8, PageID 2323). While ineffective assistance of counsel can serve to show cause and prejudice to excuse procedural default, those claims must first be properly and successfully presented to the state courts to serve as excusing cause. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley,* 971 F.3d 582, 592 (6th Cir. 2020).

Claims of ineffective assistance of trial counsel must be presented on direct appeal if they can be decided on the appellate record; otherwise, they must be brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21 or be barred by *res judicata*. Ineffective assistance of trial counsel was not among the assignments of error on direct appeal and the record does not show Petitioner ever filed a petition for post-conviction relief. Petitioner's claim of ineffective assistance of appellate counsel is procedurally defaulted because he filed nearly forty years late without showing good cause and the Second District held that default against him, as the Report notes (ECF No. 7, PageID 2303).

At the end of his Objections, Petitioner criticizes the Magistrate Judge's conclusion that reasonable jurists would not disagree with the conclusions in the Report as "egotistical in the

extreme." The Court disagrees. The Magistrate Judge's conclusion in this form is required by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and Rule 11 of the Rules Governing § 2254 Proceedings. If Petitioner disagrees, he can seek a certificate of appealability from the Sixth Circuit itself.

**Conclusion**

Having reviewed the Objections *de novo,* the Court finds that they are not well-taken and they are hereby OVERRULED. The Magistrate Judge's Report is ADOPTED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. The Clerk shall enter judgment to this effect.

December 18, 2024.                                                                                          s/Thomas M. Rose

                                                                                        _____
                                                                                        Thomas M. Rose
                                                                                        United States District Judge